1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ROCKIME DAVIS and MYHANG LE,

10

Plaintiffs,

11

v.

12

THEO CHOCOLATE, INC., a Washington
company,

13

Defendant.

14

NO.

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

15      Plaintiffs Rockime Davis and MyHang Le, on behalf of themselves and all others

16  similarly situated, allege the following based upon personal knowledge as to their own actions,

17  and upon information and belief (including the investigation of their counsel) as to all other

18  matters.

19                          **INTRODUCTION**

20      1.      Defendant Theo Chocolate, Inc. ("Theo" or "Defendant") is a popular chocolate

21  manufacturer based in Seattle, Washington. It produces, markets, and sells a variety of dark

22  chocolate products, both in Washington and throughout the United States. Among its products,

23  Theo sells Organic Pure Dark 70% Dark Chocolate, Organic Extra Dark Pure Dark 85% Dark

CLASS ACTION COMPLAINT - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Chocolate, Organic Raspberry 70% Dark Chocolate, Organic Sea Salt 70% Dark Chocolate, Organic Salted Almond 70% Dark Chocolate, Organic Cherry Almond 70% Dark Chocolate, Organic Mint 70% Dark Chocolate, Organic Orange 70% Dark Chocolate, Organic Coconut Almond 70% Dark Chocolate, Organic Extra Dark Black Rice Quinoa Crunch 85% Dark Chocolate, Organic Salted Black Licorice 70% Dark Chocolate, Organic Turmeric Spice 70% Dark Chocolate, Organic Coffee Toffee 70% Dark Chocolate, and Organic Extra Dark Salted Cashew 85% Dark Chocolate bars (the "Theo Dark Chocolate Bars").

2.      Theo bills itself as "Sustainable & Organic" and "Pure," and advertises that it uses "only high quality ingredients." In reality, Theo Dark Chocolate Bars contain unsafe levels of lead, cadmium, and—for the Salted Almond 70% and Cherry Almond 70% bars—arsenic. Theo discloses none of this to consumers.

3.      A December 2022 report by Consumer Reports states that "[r]esearch has found that some dark chocolate bars contain cadmium and lead—two heavy metals linked to a host of health problems in children and adults," in amounts such that "eating just an ounce a day would put an adult over a level that public health authorities and [Consumer Report's] experts say may be harmful for at least one of those heavy metals." Among the bars in Consumer Reports' study that tested above safe levels for both lead and cadmium were Theo Organic Pure Dark 70% Cocoa and Theo Organic Extra Dark Pure Dark Chocolate 85% Cocoa, shown below:

CLASS ACTION COMPLAINT - 2




4.      In addition, independent testing of the remaining Theo Dark Chocolate Bars shows that each contains unsafe levels of cadmium and lead as set forth below. Two of the Theo Dark Chocolate Bars also contain unsafe levels of arsenic.

5.      Lead, cadmium, and arsenic are heavy metals and their presence in food, alone or combined, poses a serious safety risk to consumers. These metals can cause cancer; often irreversible damage to brain development, liver, kidneys, and bones; and other health problems. As Consumer Reports noted, "both cadmium and lead pose serious health risks" and, with respect to lead specifically, "no amount of it is considered safe."

6.      Theo markets the Theo Dark Chocolate Bars with labeling representations that convey to reasonable consumers that the Theo Dark Chocolate Bars do not contain unsafe levels of toxic heavy metals, including lead, cadmium, and arsenic. The Theo Dark Chocolate Bars' labels are designed and intended to, and in fact did, convey to reasonable consumers, including Plaintiffs, that the Theo Dark Chocolate Bars do not contain unsafe levels of toxic heavy metals, including lead, cadmium, or arsenic (or at least failed to reveal to consumers that the bars do contain these substances).

7.      As described more fully below, consumers who purchased the Theo Dark Chocolate Bars were injured by Theo's acts and omissions concerning the presence of lead,

CLASS ACTION COMPLAINT - 3

cadmium, and arsenic. No reasonable consumer would know, or have reason to know, that the Theo Dark Chocolate Bars contained heavy metals, including lead, cadmium, and arsenic. Independent experts have identified the business practices of dark chocolate manufacturers, like Theo, as at least one of the primary reasons for the dangerous levels of heavy metals found in dark chocolate products purchased and consumed by the public.

8.    Plaintiffs bring this action against Theo on behalf of themselves, similarly-situated Class Members, and the general public to enjoin Theo from deceptively marketing the Theo Dark Chocolate Bars, and to recover compensation for injured Class Members.

### JURISDICTION AND VENUE

9.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a State different from Theo.

10.    This Court has personal jurisdiction over Theo because Theo maintains its principal place of business in this District.

11.    Venue is proper in this District under 28 U.S.C. § 1391 because Theo resides in this District and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

### PARTIES

12.    Plaintiff Rockime Davis is a resident of the State of New Jersey.

13.    Plaintiff MyHang Le is a resident of the State of California.

14.    Defendant Theo Chocolate, Inc. is a Washington corporation with its principal place of business in Seattle, Washington.

CLASS ACTION COMPLAINT - 4

**FACTS**

**I.      Lead, Cadmium, and Arsenic are Unsafe**

15.      "No amount of lead is known to be safe"[1] because "there is no known safe blood lead concentration."[2] This is especially true because lead accumulates in the body with repeated exposure. Even "extremely low" levels of lead exposure were "found to reduce the cognitive capacity of children"[3] when the exposure is consistent and "prolonged intake of even [] low level[s] of lead is hazardous to human beings."[4] "Once in the bloodstream, lead is primarily distributed among three compartments: blood, mineralizing tissue, and soft tissues. The bones and teeth of adults contain more than 95% of total lead in the body."[5] However, in times of stress, "the body can mobilize lead stores, thereby increasing the level of lead in the blood," making repeated exposure, even at low levels, particularly sinister. Lead is capable of lying in wait to be released into the blood at unexpected times.

16.      Along with bones, teeth, and blood, many other tissues in the body store lead, including the brain, spleen, kidneys, liver, and lungs.[6] Lead has been conclusively found to have no positive physiological role in the body, "while its harmful effects are manifold."[7] The

---

[1] Jessica Pupovac, *Lead Levels Below EPA Limits Can Still Impact Your Health*, NPR The Two-Way (Aug. 13, 2016), *available at* https://tinyurl.com/4vt7zvr2.

[2] World Health Organization Fact Steet, Lead poisoning, https://www.who.int/news-room/fact-sheets/detail/lead-poisoning-and-health.

[3] Needleman HL, et al., *The longterm effects of exposure to low doses of lead in childhood--An 11-year follow-up report*, N ENGL. J MED. 1990; 322:83–88.

[4] Wani AL, et al., *Lead toxicity: a review*, INTERDISCIP TOXICOL. 2015 Jun;8(2):55-64. doi: 10.1515/intox-2015-0009. PMID: 27486361; PMCID: PMC4961898.

[5] *Id.*

[6] Dart RC, et al., *Lead. In: Dart RC, editor*, Medical Toxicology. 3rd ed. Lippincot Williams and Wilkins; 2004.

[7] *Id.*

CLASS ACTION COMPLAINT - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

effects of lead have also been well studied at the cellular level, and "heavy metals, including lead, create reactive radicals which damage cell structures, including DNA and cell membrane."[8]

17.      "[Y]oung children and pregnant women especially should avoid exposure to lead."[9] Children are at particular risk when it comes to lead exposure because it can harm a child's brain development, resulting in learning and behavioral problems.[10] While the levels in any one food may be low, the cumulative effect of lead and other heavy metals in the diet can be significant. Additionally, an EPA analysis has found that, for more than 70% of children in the US, the dominant source of lead exposure is from food.[11]

18.      Lead exposure puts children at risk for lowered IQ, behavioral problems (such as attention deficit hyperactivity disorder (ADHD)), type 2 diabetes, and cancer, among other health issues. Heavy metals also pose risks to adults. Even modest amounts of heavy metals can increase the risk of cancer, cognitive and reproductive problems, and other adverse conditions.

19.      Additionally, even for adults, exposure to lead may cause anemia, weakness, and kidney and brain damage.[12] Lead affects almost every organ and system in the body and accumulates over time, leading to severe health risks and toxicity, including inhibiting neurological function, anemia, kidney damage, seizures, and in extreme cases, coma and

---

[8] Kosnett MJ. Lead. In: Olson K.R, editor. Poisoning and Drug Overdose. 5th ed. McGraw Hill Professional; 2006

[9] https://www.asyousow.org/environmental-health/toxic-enforcement/toxic-chocolate

[10] https://www.centerforfoodsafety.org/

[11] Center for Food Safety, FDA's Outdated Lead Standards Put the Public's Health at Risk (Dec. 9, 2020), available online at https://tinyurl.com/5fcj8uuz

[12] https://www.cdc.gov/niosh/topics/lead/health.html

CLASS ACTION COMPLAINT - 6

death.[13] Lead can also cross the fetal barrier during pregnancy, exposing the mother and developing fetus to serious risks, including reduced growth and premature birth.[14]

20.     Cadmium, another heavy metal, likewise poses a serious safety risk to consumers because it can cause cancer and is a known teratogen, an agent that causes malformation of an embryo. Exposure to cadmium can affect the kidneys, lungs, and bones.[15] There may be no safe level of exposure to a carcinogen, so all contact should be reduced to the lowest possible level.[16] Cadmium is considered a class 1 carcinogen by the World Health Organization.[17] Even at low exposure, cadmium can cause nausea, vomiting, diarrhea, and abdominal pain. And, because cadmium builds up in the body, even at low dosage, repeated exposure can cause liver and kidney damage, anemia, and loss of smell. According to the Centers for Disease Control and Prevention, "exposure to low levels of cadmium in . . . food . . . over time may build up cadmium in the kidneys and cause kidney disease and fragile bones" and is indisputably "considered a cancer-causing agent."[18]

---

[13] *Id.*

[14] Centers for Disease Control and Prevention, Childhood Lead Poisoning Prevention, https://www.cdc.gov/nceh/lead/prevention/pregnant.htm.

[15] Better Health Channel, Environmental Health, Cadmium, *available at* https://tinyurl.com/4r8frd7z.

[16] New Jersey Department of Health Fact Sheet, *available at* https://www.nj.gov/health/eoh/rtkweb/documents/fs/0305.pdf.

[17] United Nations Environment Programme, Lead and Cadmium, *available at* https://www.unep.org/explore-topics/chemicals-waste/what-we-do/emerging-issues/lead-and-cadmium.

[18] Centers for Disease Control and Prevention, National Biomonitoring Program, Cadmium Factsheet, *available at* https://tinyurl.com/y4f2kku7.

CLASS ACTION COMPLAINT - 7

21.    Like with lead, "children are more susceptible than adults to exposure from low doses of cadmium over time."[19]

22.    Arsenic is "highly toxic in its inorganic form."[20] The World Health Organization reports that long-term exposure to arsenic from food "can cause cancer and skin lesions. It has also been associated with cardiovascular disease and diabetes. In utero and early childhood exposure has been linked to negative impacts on cognitive development and increased deaths in young adults."[21]

23.    The federal government, through the Environmental Protection Agency, has established the safe drinking water standard (also called maximum contaminant level) for arsenic as 0.01 ppb.[22] This is because "[a]rsenic has been linked to a number of cancers" including "cancer of the bladder, lungs, skin, kidney, nasal passages, liver, and prostate."[23]

24.    Based on the federal 10ppb limit, the Washington Department of Health recommends that consumers should consider not consuming water if it has more than 10 ppb arsenic.[24] Long-term ingestion (greater than 6 months) of smaller amounts of arsenic, like at the levels found in some of the Theo Dark Chocolate Bars, "has the potential to cause many different health problems" including myriad types of cancer and illnesses like "cardiovascular

---

[19] As You Sow, Toxins in Chocolate, *available at* https://www.asyousow.org/environmental-health/toxic-enforcement/toxic-chocolate

[20] Arsenic, World Health Organization, https://www.who.int/news-room/fact-sheets/detail/arsenic#:~:text=Arsenic%20is%20highly%20toxic%20in,cause%20cancer%20and%20skin%20lesions.

[21] *Id.*

[22]  EPA Drinking Water Requirements for States and Public Water Systems, *available at* https://www.epa.gov/dwreginfo/chemical-contaminant-rules.

[23] *Id.*

[24] Washington State Department of Health, Arsenic, *available at* https://doh.wa.gov/community-and-environment/contaminants/arsenic.

CLASS ACTION COMPLAINT - 8

disease, diabetes mellitus, damage to peripheral nerves, and changes to the pattern of color or thickness of the skin."[25]

25.　　In June 2023, FDA issued a guidance limit of 10 ppb of inorganic arsenic in apple juice, noting that "[c]onsumption of inorganic arsenic has been associated with cancer, skin lesions, cardiovascular disease, and diabetes in humans."[26]

**II.　　The Theos Dark Chocolate Bars Contain Unsafe Levels of Lead, Cadmium, and Arsenic**

26.　　Independent testing conducted in April 2023 demonstrates that the Theo Dark Chocolate Bars contain unsafe levels of lead and cadmium and, in two cases, arsenic.

| Bar Type | Total Arsenic (ppb) | Total Cadmium (ppb) | Total Lead (ppb) |
|---|---|---|---|
| Raspberry 70% | | 303 | 18 |
| Sea Salt 70% | | 256 | 12 |
| Salted Almond 70% | 11 | 214 | 13 |
| Cherry Almond 70% | 12 | 213 | 20 |
| Mint 70% | | 273 | 18 |
| Orange 70% | | 266 | 19 |
| Coconut Almond 70% | | 251 | 18 |
| Black Rice Quinoa 85% | | 359 | 15 |
| Salted Black Licorice 70% | | 257 | 15 |
| Turmeric Spice 70% | | 231 | 19 |
| Coffee Toffee 70% | | 213 | 10 |
| Salted Cashew 85% | | 310 | 15 |

27.　　Theo has known for years that the Theo Dark Chocolate Bars contain unsafe levels of toxic heavy metals. For example, in 2014, Theo was put on notice that its Pure 65%

---

[25] *Id.*

[26] U.S. Dept. of Health and Human Services, Food and Drug Administration, Center for Food Safety and Applied Nutrition, *Action Level for Inorganic Arsenic in Apple Juice: Guidance for Industry* (June 2023), *available at* https://www.fda.gov/media/86110/download.

CLASS ACTION COMPLAINT - 9

Dark Chocolate Goddess of the Harvest bar violated California's Proposition 65 and contained unsafe levels of cadmium. Moreover, the Organic Extra Dark Pure Dark 85% Dark Chocolate Bar was tested as recently as February 2022 and was shown to contain unsafe levels of both lead and cadmium.[27] As a result, Theo was on notice that its dark chocolate bars contained, or were at risk of containing, unsafe levels of toxic heavy metals, which should have resulted in diligent monitoring. However, Theo failed to warn consumers that consuming Theo Dark Chocolate Bars exposes them to those metals.

28. Most recently, in December 2022, Consumer Reports, a consumer protection and advocacy organization dedicated to independent product testing, consumer-oriented research, and investigative journalism, tested various dark chocolate bars for lead and cadmium. The results showed that Theo Organic Pure Dark 70% Cocoa and Theo Organic Extra Dark Pure Dark 85% Cocoa both contain unsafe levels of cadmium and lead (between 120–140% of the California Maximum Allowable Dosage Level ["MADL"] for lead and 142–189% the MADL level for cadmium).

29. Notably, some amount of lead is getting into Theo Dark Chocolate Bars *after* harvesting. As Consumer Reports notes, "lead seems to get into cacao after beans are harvested. The researchers found that the metal was typically on the outer shell of the cacao bean, not in the bean itself. Moreover, lead levels were low soon after beans were picked and removed from pods but increased as beans dried in the sun for days. During that time, lead-filled dust and dirt accumulated on the beans." A committee of experts formed to look at ways to reduce lead found in chocolate bars concluded, in part, that the lead "contamination in

---

[27] As You Sow, Toxins in Chocolate, *available at* https://www.asyousow.org/environmental-health/toxic-enforcement/toxic-chocolate.

CLASS ACTION COMPLAINT - 10

chocolate products [occurs] during post-harvest processing and not from the uptake of [lead] in the nib."[28] Those same experts recommend that reducing the lead in the products will come from changes to "agricultural, manufacturing, [and/or] business practices"[29] and, therefore, reducing (or perhaps even eliminating) toxic heavy metals in the Theo Dark Chocolate Bars is not unreasonable.

30.    A report from the *Seattle Times* further notes that "lead levels are influenced by where and how the cacao beans are handled by humans after harvest."[30]

31.    In short, Theo could have implemented changes to harvest and manufacturing processes (or ensured it was doing business with farmers and manufacturers that implemented such measures) to eliminate, or at least significantly reduce, toxic heavy metal contamination in the Theo Dark Chocolate Bars it sold to Plaintiffs and the public, but chose not to—or to inform consumers that it was not doing so.

**III.    Theo Unfairly and Deceptively Advertises the Theo Dark Chocolate Bars**

32.    Despite knowing that the Theo Dark Chocolate Bars contain unsafe levels of toxic heavy metals, including lead, cadmium, and arsenic, Theo intentionally marketed them so as to convey to reasonable consumers, including to Plaintiffs, that the Theo Dark Chocolate Bars did not contain such unsafe levels of toxic heavy metals.

33.    Theo makes prominent claims on the labels of the Theo Dark Chocolate Bars that convey to reasonable consumers that they do not contain unsafe levels of toxic heavy

---

[28] Expert Investigation Related to Cocoa and Chocolate Products, Final Report (Mar. 28, 2022), *available at* https://tinyurl.com/239zv83d.

[29] *Id.*

[30] Vonnai Phair, *How heavy metals get into dark chocolate bars*, Sea. Times (Feb. 10, 2023), *available at* https://tinyurl.com/mw58v97k.

CLASS ACTION COMPLAINT - 11

metals. For example, the outside of at least some versions of the labels state "this pure, dark chocolate" is made "from organic and sustainably-sourced ingredients." Theo reinforces this message with what's inside the wrapper once opened, telling consumers that it "pay[s] higher prices for quality cocoa beans," that the product is "from farm to bar to you," and that "you can feel good about" eating them. These and other claims, including the label as a whole, lead reasonable consumers, including Plaintiffs, to conclude that Theo Dark Chocolate Bars do not contain unsafe levels of toxic heavy metals that could harm health.

34.     Each Theo Dark Chocolate Bar label refers consumers to its website, saying "Learn more at TheoChocolate.com" The website makes additional claims further reinforcing that its Theo Dark Chocolate Bars do not contain unsafe substances. These include, for example, "***The safety and quality of our products at Theo is our top priority, and we are confident that our products . . . are safe to be consumed***." Theo also highlights that the quality of its products is higher than competitors, touting that "Made from Scratch is Better," along with the following graphic:



35.     Theo also highlights its "Mission & Values" including how its "approach to chocolate sets us apart as a company" and that its "chocolate can be made in a way that allows

CLASS ACTION COMPLAINT - 12

everyone in the bean-to-bar process to thrive" which creates a more "enduring world by responsibly making" the Theo Dark Chocolate Bars. Additionally, Theo claims on its website that "only the highest quality ingredients and processes are used." Its corporate values, Theo says, result in "Full Transparency," including only using cocoa farmers who, contrary to other chocolate manufacturers, are not "disconnected from the process" and that such "full transparency is required to earn consumer's confidence." Finally, Theo has an entire page of its website dedicated to telling consumers about its cocoa sourcing and the ethical ways in which Theo sources its cocoa.

**IV.    Theo Failed to Disclose that its Dark Chocolate Bars Contain Lead, Cadmium, and Arsenic**

36.    The global dark chocolate market has witnessed significant growth in recent years, and it is expected to continue growing into 2023.[31]

37.    The growth of dark chocolate sales is premised, in part, on reasonable consumers' belief that dark chocolate is healthier than other food choices, and especially healthier than other confectionaries, including milk chocolates. Specifically, consumers understand that the higher cacao content in dark chocolate products results in greater antioxidant benefits. "The pervasive health and wellness trend continues to influence [the] dark chocolate market, with manufacturers incorporating organic ingredients and natural sweeteners. The preference for dark chocolate over milk chocolates on accounts its health benefits continues to remain intact," especially as demand for healthy products, generally,

---

[31] https://www.persistencemarketresearch.com/market-research/dark-chocolate-market.asp

CLASS ACTION COMPLAINT - 13

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

increases.[32] Thus, the safety and health effects of Theo Dark Chocolate Bars are material facts to reasonable consumers.

38.      Given the toxic effects of lead, cadmium, and arsenic, the presence of these heavy metals in unsafe levels in the Theo Dark Chocolate Bars is a material fact to reasonable consumers, including Plaintiffs and Class Members.

39.      If Theo disclosed the presence, or the risk of presence, of unsafe levels of toxic heavy metals in Theo Dark Chocolate Bars to Plaintiffs and the Class Members, Plaintiffs and Class Members would be unwilling to purchase Theo Dark Chocolate Bars or would pay less for them. Theo knows this.

40.      In light of Theo's knowledge that Plaintiffs and the Class Members would be unwilling to purchase Theo Dark Chocolate Bars or would pay less for Theo Dark Chocolate Bars if they knew that Theo Dark Chocolate Bars contained toxic heavy metals, Theo intentionally and knowingly concealed this fact from Plaintiffs and the Class Members and did not disclose the presence of lead, cadmium, or arsenic on the label of its Theo Dark Chocolate Bars.

41.      Theo knew or should have known that Plaintiffs and the Class Members would rely upon the packaging of Theo Dark Chocolate Bars, and intended for them to do so, but failed to disclose the presence of lead, cadmium, or arsenic.

42.      Theo knew or should have known that it owed consumers a duty of care to adequately test for lead, cadmium, arsenic and other heavy metals, particularly considering that it was on notice of independent expert testing showing some of the Theo Dark Chocolate

---

[32] *Id.*

CLASS ACTION COMPLAINT - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Bars contained unsafe levels of the metals. In fact, Theo admits that it "regularly test[s its] products for the presence of heavy metals."[33] Thus, Theo knew that the Theo Dark Chocolate Bars contained unsafe levels of lead, cadmium, and arsenic and failed to disclose that fact to consumers.

43.    Additionally, Theo knew or should have been aware—and probably intended—that a reasonable consumer would consume its Theo Dark Chocolate Bars regularly, and possibly multiple Theo Dark Chocolate Bars daily, resulting in repeated exposure to increasingly more dangerous levels of lead, cadmium, and arsenic, each of which accumulate in the body and its systems over time.

44.    Theo knew or should have known it could control the levels of lead, cadmium, and arsenic in Theo Dark Chocolate Bars by properly monitoring for heavy metal presence, sourcing ingredients with less heavy metals, adjusting its formulation to reduce or eliminate heavy metals, or improving its manufacturing processes to eliminate introduction of lead caused by Theo itself.

## V.    Plaintiffs and Other Class Members Were Misled and Injured by Theo's Misrepresentations and Omissions

45.    Prior to purchasing Theo Dark Chocolate Bars, Plaintiffs and the Class Members were exposed to, saw, read, and understood the labels of Theo Dark Chocolate Bars, and relied upon the same in purchasing Theo Dark Chocolate Bars, but Theo failed to disclose the presence of heavy metals.

46.    As a result of Theo's concealment of the fact that Theo Dark Chocolate Bars contained toxic heavy metals, including lead, cadmium, and arsenic, Plaintiffs and the Class

---

[33] https://theochocolate.com/faqs

CLASS ACTION COMPLAINT - 15

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Members reasonably believed Theo Dark Chocolate Bars were free from these substances,

2    which, at the levels found in the Theo Dark Chocolate Bars, are harmful to human health.

3        47.    Plaintiffs and the Class Members purchased Theo Dark Chocolate Bars in

4    reliance upon the Theo labels, including its representations that conveyed that the Theo Dark

5    Chocolate Bars do not contain unsafe levels of toxic heavy metals, and also relied on the

6    labels' material omissions.

7        48.    Had Plaintiffs and the Class Members known that Theo Dark Chocolate Bars

8    contained toxic heavy metals, rendering them unsafe for consumption, they would not have

9    been willing to purchase Theo Dark Chocolate Bars or would have paid less for them.

10        49.    Therefore, as a direct and proximate result of Theo's omissions concerning the

11    Theo Dark Chocolate Bars, Plaintiffs and the Class Members purchased Theo Dark Chocolate

12    Bars and paid more than they were worth.

13        50.    Plaintiffs and the Class Members were harmed in the form of the monies they

14    paid for Theo Dark Chocolate Bars that they would not otherwise have paid had they known

15    the truth about Theo Dark Chocolate Bars. Since the presence of toxic heavy metals, including

16    lead, cadmium, and arsenic, in Theo Dark Chocolate Bars renders them unsafe for human

17    consumption, Theo Dark Chocolate Bars that Plaintiffs and the Class Members purchased are

18    worthless, or at a minimum are worth less than Plaintiffs and the Class paid for them.

19    **VI.    The Theo Dark Chocolate Bars' Labeling Violates California and Federal Food**

20    **Labeling Laws**

21        51.    The labeling on Theo Dark Chocolate Bars violates California Health and Safety

22    Code §§ 109875, et. seq. (the "Sherman Law"), which has expressly adopted the federal food

23    labeling requirements as its own. *See, e.g.*, *id.* § 110100; *id.* § 110670 ("Any food is

CLASS ACTION COMPLAINT - 16

misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulation adopted pursuant thereto.").

52.      First, the labeling claims are false and misleading for the reasons described herein, in violation of 21 U.S.C. § 343(a), which deems misbranded any food whose "label is false or misleading in any particular." Theo accordingly also violated California's parallel provision of the Sherman Law. *See* Cal. Health & Safety Code § 110670.

53.      Second, Theo "fail[ed] to reveal facts that are material in light of other representations made or suggested by the statement[s], word[s], design[s], device[s], or any combination thereof," in violation of 21 C.F.R. § 1.21(a)(1). Such facts include the detrimental health consequences of consuming Theo Dark Chocolate Bars given that they contain lead, cadmium, and arsenic, which are unsafe in any amount. In addition, such facts include the detrimental health consequences of consuming Theo Dark Chocolate Bars, including inhibiting neurological function, anemia, kidney damage, seizures, and in extreme cases, coma and death, which are all material to a consumer choosing a food product.

54.      Third, Theo failed to reveal facts that were "[m]aterial with respect to the consequences which may result from use of the article under" both "[t]he conditions prescribed in such labeling," and "such conditions of use as are customary or usual," in violation of § 1.21(a)(2). Namely, Theo failed to disclose the increased risk of serious chronic disease and death that is likely to result from the usual consumption of Theo Dark Chocolate Bars in the customary and prescribed manners, including regular consumption of the standard serving size.

CLASS ACTION COMPLAINT - 17

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**VII.    Plaintiffs Purchased Theo Dark Chocolate Bars in Reliance on Theo's Representations and Omissions, and Were Harmed as a Result**

55.    Plaintiff Rockime Davis purchased two Theo Chocolate Black Rice Quinoa Crunch Organic Dark Chocolate 85% Cacao bars from Amazon on or about August 11, 2021. When purchasing the Theo Dark Chocolate Bars, Mr. Davis was seeking chocolate bars he believed to be premium, or of a higher quality, than other confectionaries. Moreover, Mr. Davis would have avoided any food he knew contained unsafe levels of toxic heavy metals like lead, cadmium, and arsenic. He would also have avoided purchasing any food he knew could increase his risk of inhibited neurological function, anemia, kidney damage, seizures, coma, or death.

56.    Plaintiff MyHang Le purchased a Theo Chocolate Orange Organic Dark Chocolate 70% Cacao from Amazon Fresh on or about August 24, 2022. When purchasing the Theo Dark Chocolate Bar, Ms. Le was seeking chocolate bars she believed to be premium, or of a higher quality, than other confectionaries. Moreover, Ms. Le would have avoided any food she knew contained unsafe levels of toxic heavy metals like lead, cadmium, and arsenic. She would also have avoided purchasing any food she knew could increase her risk of inhibited neurological function, anemia, kidney damage, seizures, coma, or death.

57.    Plaintiffs acted reasonably in purchasing Theo Dark Chocolate bars. The labels of those bars did not disclose the presence, or risk of presence, of unsafe levels of lead, cadmium, or arsenic, and in fact conveyed to reasonable consumers that the Theo Dark Chocolate Bars did not contain substantial levels of toxic ingredients, including lead, cadmium, or arsenic, or the attendant health risks in consuming Theo Dark Chocolate bars.

CLASS ACTION COMPLAINT - 18

58.     By omitting the fact that the Theo Dark Chocolate Bars contained, or were at risk for containing, unsafe levels of lead, cadmium, arsenic, or some combination of the three, Theo was able to gain a greater share of the snack market, specifically the confectionary and dark chocolate market, than it would have otherwise had.

59.     Plaintiffs would have been willing only to pay less for Theo Dark Chocolate Bars, or would have been unwilling to purchase them at all, but for Theo's omissions regarding the lead, cadmium, and arsenic content described herein.

60.     Plaintiffs would not have purchased the Theo Dark Chocolate Bars if they had known that they were misbranded pursuant to California and FDA regulations, as set forth below, or that they contained unsafe levels of toxic lead, cadmium, arsenic, or some combination of the three, in the amounts found in the Theo Dark Chocolate Bars.

61.     For these reasons, the Theo Dark Chocolate Bars were worth less than what Plaintiffs and other Class Members paid for them.

62.     Plaintiffs and the Class lost money as a result of Theo's omissions and unfair practices in that they did not receive what they paid for when purchasing Theo Dark Chocolate Bars.

63.     Plaintiffs still wish to purchase dark chocolate products, and they continue to see Theo dark chocolate products where they regularly shop. They would purchase the Theo Dark Chocolate Bars in the future if, because of an injunction requiring Theo to disclose lead, cadmium, or arsenic when present, Plaintiffs could be assured, by the absence of a disclosure, that the Theo Dark Chocolate Bars no longer contained unsafe levels of toxic metals. But unless Theo is enjoined in the manner Plaintiffs request, they may not be able to reasonably

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

determine whether the lead, cadmium, or arsenic in Theo Dark Chocolate Bars has been addressed, or whether Theo is continuing to omit their presence.

64.    Plaintiffs' substantive right to a marketplace free of fraud, where they are entitled to rely with confidence on representations such as those made by Theo, continues to be violated every time Plaintiffs are exposed to the Theo Dark Chocolate Bar labels.

65.    Plaintiffs thus lack an adequate remedy at law to address prospective harm stemming from Theo's conduct, and their health and well-being will continue to be at risk if Theo is not enjoined from its unlawful representations and omissions.

66.    The Court should also enjoin Theo's unfair business practices that result in higher concentrations of toxic heavy metals, including lead, cadmium, and arsenic, being present in the Theo Dark Chocolate Bars than are present in the cacao beans from which they are made. Absent such an injunction, Plaintiffs cannot be assured that Theo has stopped this unfair business practice which unnecessarily concentrates amounts of heavy metals in the Theo Dark Chocolate Bars.

67.    Plaintiffs' legal remedies are inadequate to prevent these future injuries.

**CLASS ACTION ALLEGATIONS**

68.    While reserving the right to redefine or amend the class definition prior to or as part of a motion seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek to represent the following Classes:

**The Nationwide Class:** All persons in the United States who, at any time from four years preceding the date of the filing of this Complaint to the time a class is notified (the "Class Period"), purchased, for personal or household use, and not for resale or distribution, the Theo Dark Chocolate Bars (the "Class").

CLASS ACTION COMPLAINT - 20

69.     In addition, Plaintiffs seek to represent the following state subclasses:

**The California Subclass:** All persons in California who, at any time from four years preceding the date of the filing of this Complaint to the time a class is notified (the "Class Period"), purchased, for personal or household use, and not for resale or distribution, the Theo Dark Chocolate Bars (the "California Subclass").

**The New Jersey Subclass:** All persons in New Jersey who, at any time from six years preceding the date of the filing of this Complaint to the time a class is notified (the "Class Period"), purchased, for personal or household use, and not for resale or distribution, the Theo Dark Chocolate Bars (the "New Jersey Subclass").

70.     The members in the proposed Nationwide Class and each Subclass are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court.

71.     Questions of law and fact common to Plaintiffs and the proposed classes include:

    a.     whether Defendant communicated a message through its packaging and advertising that conveyed to reasonable consumers that Theo Dark Chocolate Bars did not contain toxic chemicals, including lead, cadmium, or arsenic, or some combination of the three;

    b.     whether that message was material, or likely to be material, to a reasonable consumer;

    c.     whether the challenged claims are false, misleading, or reasonably likely to deceive a reasonable consumer;

CLASS ACTION COMPLAINT - 21

1    d.    whether the omissions on Theo Dark Chocolate Bars' labels with

2          respect to lead content is material, or likely to be material, to a

3          reasonable consumer;

4    e.    whether the omissions on the Theo Dark Chocolate Bars' labels with

5          respect to cadmium content is material, or likely to be material, to a

6          reasonable consumer;

7    f.    whether the omissions on the Theo Dark Chocolate Bars' labels with

8          respect to arsenic content is material, or likely to be material, to a

9          reasonable consumer;

10   g.    whether the omissions regarding lead content was reasonably likely to

11         deceive a reasonable consumer;

12   h.    whether the omissions regarding cadmium content was reasonably

13         likely to deceive a reasonable consumer;

14   i.    whether the omissions regarding arsenic content was reasonably likely

15         to deceive a reasonable consumer;

16   j.    whether Theo's conduct violates public policy;

17   k.    whether Theo's conduct violates state or federal food statutes or

18         regulations;

19   l.    whether Theo made and breached warranties;

20   m.    the proper amount of damages, including treble or punitive damages;

21   n.    the proper amount of restitution;

22   o.    the proper scope of injunctive relief; and

23   p.    the proper amount of attorneys' fees.

CLASS ACTION COMPLAINT - 22

72.     These common questions of law and fact predominate over questions that affect only individual Class Members.

73.     Plaintiffs' claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Theo's conduct. Specifically, all Class Members, including Plaintiffs, were subjected to the same unfair, misleading and unlawful conduct when they purchased Theo Dark Chocolate Bars and suffered economic injury because of Theo's business practices. Absent Theo's business practice of unfairly, deceptively, and unlawfully labeling Theo Dark Chocolate Bars by omitting material information regarding their toxic lead, cadmium, and arsenic content, Plaintiffs and Class Members would not have purchased Theo Dark Chocolate Bars or would have paid less for them.

74.     Plaintiffs will fairly and adequately represent and protect the interests of the Class, have no interests incompatible with the interests of the Class, and have retained counsel competent and experienced in class action litigation, and specifically in litigation involving foods and beverages.

75.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that absent representative litigation, it would be infeasible for Class Members to redress the wrongs done to them.

76.     Theo has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

77.     As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

CLASS ACTION COMPLAINT - 23

**CLAIMS FOR RELIEF**

**First Claim for Relief**

**Violations of the Washington Consumer Protection Act, RCW 19.86**

**On Behalf of the Nationwide Class**

78.     Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth fully herein.

79.     Plaintiffs and Defendant are "persons" within the meaning of RCW 19.86.010(1).

80.     Defendant's conduct as alleged herein is unfair and deceptive. Defendant's statements and omissions were likely to deceive, and did deceive, Plaintiffs and the Class Members regarding the healthfulness of Defendant's products.

81.     Plaintiffs and the Class Members were injured by Defendant's conduct, insofar as they purchased Defendant's products in reliance on Defendant's misleading marketing claims suggesting that its products do not contain toxic heavy metals.

82.     Defendant's unfair and deceptive conduct occurred in trade or commerce and impacts the public interest because Defendant is in the business of selling its products to thousands of consumers in Washington and throughout the United States.

83.     Thousands of consumers, including Washingtonians, have been and will continue to be affected by Defendant's unfair and deceptive acts and practices.

84.     Plaintiffs and the Class have been damaged in amounts to be determined at trial.

85.     Plaintiffs and the Class are also entitled to recover treble their damages, up to $25,000 per Class Member, their attorneys' fees and costs.

CLASS ACTION COMPLAINT - 24

86.     Plaintiffs and the Class are also entitled to an order enjoining Defendant from engaging in the illegal acts and practices described above.

**Second Claim for Relief**

**Violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200**

**On Behalf of the California Subclass**

87.     Plaintiff Le realleges and incorporates the allegations elsewhere in this Complaint as if set forth fully herein.

88.      The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

89.     Under California Business & Professions Code §17200, any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice.

90.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant, as alleged herein, constitute business acts and practices.

*Fraudulent*

91.     A statement or practice is fraudulent under the UCL if it is likely to deceive a significant portion of the public, applying an objective reasonable consumer test.

92.     As set forth herein, Defendant's claims and omissions relating to Theo Dark Chocolate Bars are likely to deceive reasonable consumers and the public.

*Unlawful*

93.     As set forth herein, Theo's omissions are "unlawful" under the UCL in that they violate at least the following laws:

•     The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*;

CLASS ACTION COMPLAINT - 25

1 • The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*;

2 • The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*; and

3 • The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety

4 Code §§ 110100 *et seq.*

5 94. By violating these laws, Defendant has engaged in unlawful business acts and

6 practices, which constitute unfair competition within the meaning of Business & Professions

7 Code § 17200.

8 *Unfair*

9 95. Defendant's conduct with respect to the labeling, advertising, and sale of the

10 Theo Dark Chocolate Bars was unfair because Defendant's conduct was immoral, unethical,

11 unscrupulous, or substantially injurious to consumers, and the utility of its conduct, if any,

12 does not outweigh the gravity of the harm to its victims.

13 96. Defendant's conduct—including during post-harvesting, processing, storing,

14 and ultimate sale of Theo Dark Chocolate Bars to consumers—was unfair because it

15 unnecessarily introduced additional amounts of lead, cadmium, and arsenic into the bars.

16 Specifically, a significant amount of the lead, cadmium, and arsenic found in Theo Dark

17 Chocolate Bars sold at retail is introduced into the beans after they were picked and removed

18 from pods, and then again, more heavy metals are introduced into the final retail products.

19 Defendant's unfair business practices ultimately led to unsafe levels of toxic heavy metals

20 being present in Theo Dark Chocolate Bars.

21 97. Defendant's conduct with respect to the labeling, advertising, and sale of the

22 Theo Dark Chocolate Bars was also unfair because it violates public policy as declared by

23 specific constitutional, statutory or regulatory provisions, including but not necessarily limited

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

to the False Advertising Law, portions of the Federal Food, Drug, and Cosmetic Act, and portions of the California Sherman Food, Drug, and Cosmetic Law.

98.     Defendant's conduct with respect to the labeling, advertising, and sale of the Theo Dark Chocolate Bars was and is also unfair because the consumer injury was substantial, was not outweighed by benefits to consumers or competition, and was not one consumers themselves could reasonably have avoided. Specifically, the increase in profits obtained by Defendant through the misleading labeling does not outweigh the harm to California Subclass Members who were deceived into purchasing Theo Dark Chocolate Bars while unaware that Theo Dark Chocolate Bars contain toxic lead, cadmium, arsenic, or some combination of the three, and are of the type that can increase the risk of poor health. Consumers could not have reasonably avoided the harm because this would have required that they conduct their own research into the lead, cadmium, and arsenic content of Theo Dark Chocolate Bars, which could only feasibly be revealed by laboratory testing, and which is thus not a reasonable expectation. Further, the harm could have easily been avoided by Defendant as it would have cost it only minimally to indicate to consumers that Theo Dark Chocolate Bars contain unsafe toxic heavy metals, or that these toxins can over time accumulate in the body to the point where poisoning, injury, and/or disease can occur.

99.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Theo Dark Chocolate Bars to unwary consumers.

100.     Plaintiff Le and California Subclass Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

CLASS ACTION COMPLAINT - 27

1    101.    Defendant's conduct caused and continues to cause substantial injury to

2   Plaintiff Le and other California Subclass Members. Plaintiff Le has suffered injury in fact as

3   a result of Defendant's unlawful conduct.

4    102.    In accordance with Bus. & Prof. Code § 17203, Plaintiff Le seeks an order

5   enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or

6   fraudulent acts and practices.

7    103.    Plaintiff Le and the California Subclass also seek an order for the restitution of

8   all monies from the sale of Theo Dark Chocolate Bars, which were unjustly acquired through

9   acts of unlawful competition.

10    104.    Because Plaintiff Le's claims under the "unfair" prong of the UCL sweep more

11   broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff Le's

12   legal remedies are inadequate to fully compensate Plaintiff Le for all of Defendant's challenged

13   behavior.

14    **Third Claim for Relief**

15    **Violations of the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500**

16    **On Behalf of the California Subclass**

17    105.    Plaintiff Le realleges and incorporates the allegations elsewhere in the

18   Complaint as if set forth fully herein.

19    106.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or

20   association, or any employee thereof with intent directly or indirectly to dispose of real or

21   personal property or to perform services" to disseminate any statement "which is untrue or

22   misleading, and which is known, or which by the exercise of reasonable care should be

23   known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

CLASS ACTION COMPLAINT - 28

107.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

108.    As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to Theo Dark Chocolate Bars was likely to mislead consumers acting reasonably, as to the healthfulness of the products.

109.    Plaintiff Le suffered injury in fact as a result of Defendant's actions as set forth herein because Plaintiff Le purchased Theo Dark Chocolate Bars in reliance on Defendant's false and misleading marketing claims stating or suggesting that Theo Dark Chocolate Bars do not contain toxic heavy metals, including lead and/or cadmium.

110.    Defendant's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised Theo Dark Chocolate Bars in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and Defendant omitted material information from Theo Dark Chocolate Bars' labeling.

111.    Defendant profited from the sale of the falsely and deceptively advertised Theo Dark Chocolate Bars to unwary consumers.

112.    As a result, Plaintiff Le, the California Subclass, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

113.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff Le, on behalf of herself and the California Subclass, seeks an order enjoining Defendant from continuing to engage in

CLASS ACTION COMPLAINT - 29

deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

114.    Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA or commercial code (for Plaintiff Le's breach of warranty claims), and restitution is not limited to returning to Plaintiff Le and California Subclass Members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA and commercial code are more limited than the equitable remedies available under the FAL, and are therefore inadequate.

**Fourth Claim for Relief**

**Violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750**

**On Behalf of the California Subclass**

115.    Plaintiff Le realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

116.    The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

117.    Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of Theo Dark Chocolate Bars for personal, family, or household purposes by Plaintiff Le and California Subclass Members, and violated and continue to violate the following sections of the CLRA:

CLASS ACTION COMPLAINT - 30

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

a.      § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

b.      § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c.      § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d.      § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

118.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Theo Dark Chocolate Bars to unwary consumers.

119.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

120.    Pursuant to California Civil Code § 1782, more than 30 days before filing this amended complaint, Plaintiff Le sent written notice of her claims and of Defendant's particular violations of the Act to Defendant by certified mail, return receipt requested, but Defendant has failed to implement remedial measures.

121.    Plaintiff Le and the California Subclass have suffered harm and seek (a) actual damages resulting from purchases of Theo Dark Chocolate Bars sold throughout the Class Period to all California Subclass Members, (b) punitive damages, (c) injunctive relief in the form of modified advertising and a corrective advertising plan, (d) restitution, and (e) attorneys' fees and costs. *See* Cal. Civ. Code § 1782(d).

CLASS ACTION COMPLAINT - 31

**Fifth Claim for Relief**

**VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT**

**(N.J.S.A. § 56:8-1, *et seq.*)**

**On Behalf of The New Jersey Subclass**

122.    Plaintiff Davis realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

123.    Plaintiff Davis and Defendant are "persons" within the meaning of the New Jersey Consumer Fraud Act ("CFA").

124.    Plaintiff Davis and the Members of the New Jersey Subclass are "consumers" within the meaning of the CFA.

125.    At all relevant times material hereto, Defendant conducted trade and commerce in New Jersey and elsewhere within the meaning of the CFA.

126.    The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes.

127.    Defendant's practices violated the CFA for, *inter alia*, one or more of the following reasons:

        a.    Defendant represented to Plaintiff Davis and the New Jersey Subclass that the Theo Dark Chocolate Bars had approval or characteristics that they did not have;

        b.    Defendant represented to Plaintiff Davis and the New Jersey Subclass that the Theo Dark Chocolate Bars were of a particular standard, quality, or grade, when they were actually of another;

        c.    Defendant advertised goods to Plaintiff Davis and the New Jersey Subclass with intent not to sell them as advertised;

        d.    Defendant engaged in other fraudulent or deceptive conduct, creating a likelihood of confusion or misunderstanding; and

CLASS ACTION COMPLAINT - 32

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

e.      Defendant represented that consumers' purchases of the Product conferred or involved rights that the transactions did not have or involve.

128.    Defendant consciously omitted to disclose material facts to Plaintiff Davis and the New Jersey Subclass with respect to the Theo Dark Chocolate Bars.

129.    Defendant thus used or employed unconscionable commercial practices, deception, false pretenses, or misrepresentations, or it knowingly concealed, suppressed, or omitted material facts, or some combination thereof, in connection with the sale or advertisement of the Theo Dark Chocolate Bars.

130.    Had Defendant disclosed all material information regarding the Theo Dark Chocolate Bars to Plaintiff Davis and the New Jersey Subclass, they would not have purchased the Theo Dark Chocolate Bars, or would have paid less for the Theo Dark Chocolate Bars. Plaintiff Davis and the New Jersey subclass, in short, paid for a product and got something less than what had been promised.

131.    The foregoing acts, omissions and practices proximately caused Plaintiff Davis and the New Jersey Subclass to suffer an ascertainable loss in the form of monetary damages, and they are entitled to recover such damages, together with appropriate penalties, including treble damages, attorneys' fees and costs of suit.

**Sixth Claim for Relief**

**Breach of Express Warranties**

**Cal. Com. Code § 2313(1); N.J. Stat. Ann. § 12A:2-313**

**On Behalf of the California and New Jersey Subclasses**

132.    Plaintiffs Le and Davis reallege and incorporate the allegations elsewhere in the Complaint as if set forth fully herein.

133.    As an express warrantor, manufacturer and merchant, Defendant had certain obligations under Cal. Com. Code § 2313(1) and N.J. Stat. Ann. § 12A:2-313 to conform the

CLASS ACTION COMPLAINT - 33

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Product to the express warranties.  These representations were "part of the basis of the bargain" in that Plaintiffs Le, Davis, and other members of the California and New Jersey Subclasses purchased the Theo Theo Dark Chocolate Bars in reasonable reliance on those statements.

134.     Plaintiffs Le, Davis, and each Member of the California and New Jersey Subclasses, formed a contract with Defendant at the time Plaintiffs Le, Davis, and the other members of the California and New Jersey Subclass purchased the Product.  The terms of the contract include the promises and affirmations of fact made by Defendants on the Product's packaging and through marketing and advertising, as described above, including "this pure, dark chocolate" is made "from organic and sustainably-sourced ingredients." Theo reinforces this message with what's inside the wrapper once opened: it proclaims that it "pay[s] higher prices for quality cocoa beans" and that "you can feel good about" eating them. This labeling, marketing, and advertising constitute express warranties and became part of the basis of bargain, conveying to reasonable consumers, including Plaintiffs Le and Davis, that the Theo Dark Chocolate Bars do not contain any impurities, specifically any unsafe toxic heavy metals like arsenic, lead, or cadmium and are part of the standardized contract between Plaintiffs Le, Davis, and the members of the California and New Jersey Subclasses on the one hand, and Defendant on the other.

135.     Plaintiffs Le, Davis, and other members of the California and New Jersey Subclasses performed all conditions precedent to Defendant's liability under this contract when they purchased the Theo Dark Chocolate Bars.

136.     Defendant breached these express warranties about the Theo Dark Chocolate Bars and their qualities because Defendant's statements about the Product were false and the

CLASS ACTION COMPLAINT - 34

Theo Dark Chocolate Bars do not conform to Defendant's affirmations and promises described above. Plaintiffs Le, Davis, and other members of the California and New Jersey Subclasses would not have purchased the Theo Dark Chocolate Bars had they known the true nature of the Theo Dark Chocolate Bars.

137.    Defendant received timely notice regarding the problems at issue in this litigation and, notwithstanding such notice, have failed and refused to offer an effective remedy.

138.    As a result of Defendant's breach of warranty, Plaintiffs Le, Davis, and other members of the California and New Jersey Subclasses have been damaged in the amount of the purchase price of the Product and any consequential damages resulting from the purchases.

**Seventh Claim for Relief**

**Breach of Implied Warranty of Merchantability**

**Cal. Com. Code § 2314; N.J. Stat. Ann. § 12A:2-314**

**On Behalf of the California and New Jersey Subclasses**

139.    Plaintiffs Le and Davis reallege and incorporate the allegations elsewhere in the Complaint as if set forth fully herein.

140.    As set forth herein, Defendant manufactured and sold Theo Dark Chocolate Bars, and prior to the time Theo Dark Chocolate Bars were purchased by Plaintiffs Le, Davis, and other members of the California and New Jersey Subclasses, impliedly warranted that Theo Dark Chocolate Bars were of merchantable quality and fit for their ordinary and intended use, i.e., consumption by consumers, including children.

141.    Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff Le and the California Subclass, and there were, in the sale to Plaintiff Le and the California Subclass, implied warranties that those goods were merchantable.

CLASS ACTION COMPLAINT - 35

142.    Defendant impliedly warranted to retail buyers that Theo Dark Chocolate Bars were merchantable in that they (a) would pass without objection in the trade or industry under the contract description, and (b) were fit for the ordinary purposes for which Theo Dark Chocolate Bars are used. Defendant breached this implied warranty because Theo Dark Chocolate Bars were unsafe in that they contained toxic lead, cadmium, and arsenic. Therefore, Theo Dark Chocolate Bars would not pass without objection in the trade or industry and were not fit for the ordinary purpose for which they are used, which is consumption by consumers, including children. Consumption by consumers, including children, is the ordinary purpose of the Theo Dark Chocolate Bars because it is central to the Theo Dark Chocolate Bars' value or function.

143.    Moreover, Defendant, through its acts set forth herein, in the sale, marketing, and promotion of Theo Dark Chocolate Bars, made representations to Plaintiffs Le, Davis, and other members of the California and New Jersey Subclasses that, among other things, Theo Dark Chocolate Bars do not contain toxic heavy metals, including lead, cadmium, or arsenic. However, Theo Dark Chocolate Bars do contain unsafe levels of toxic heavy metals, including lead, cadmium, and arsenic as set forth in detail herein. Thus, Defendant breached that implied warranty.

144.    The Theo Dark Chocolate Bars were defective at the time they left the possession of Defendant, as set forth above, and Defendant knew of this defect at the time these transactions occurred.  Thus, the Theo Dark Chocolate Bars, when sold and at all times thereafter, were not in merchantable condition or quality and is not fit for their ordinary, intended purpose.

CLASS ACTION COMPLAINT - 36

145.    Defendant was on notice of this breach as it was aware of the lead and cadmium in Theo Dark Chocolate Bars, including based on receiving notice in at least 2014.

146.    Plaintiffs used the Theo Dark Chocolate Bars in a manner consistent with their intended use and performed each and every duty required under the terms of the warranties, except as may have been excused or prevented by the conduct of Defendant or by operation of law in light of Defendant's conduct.

147.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiffs and other members of the California and New Jersey Subclasses did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods. Further, Plaintiffs and the other members of the California and New Jersey Subclasses have been injured and harmed because they would not have purchased Theo Dark Chocolate Bars or would have paid less for them if they knew the truth about Theo Dark Chocolate Bars, namely, that they contained lead, cadmium, arsenic, or some combination of the three.

148.    As a result, Plaintiffs and the other members of the California and New Jersey Subclasses seek actual damages, including, without limitation, expectation damages.

**Eighth Claim for Relief**

**Unjust Enrichment**

**On Behalf of the Nationwide Class**

149.    Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

150.    Defendant's unlawful and inequitable conduct financially benefitted it. That financial benefit is economically traceable to Plaintiffs' and Class Members' purchases of

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Theo Dark Chocolate Bars, and the economic benefits conferred on Defendant are a direct and proximate result of its unlawful and inequitable conduct.

151.    It would be inequitable, unconscionable, and unjust for Defendant to be permitted to retain these economic benefits because the benefits were procured as a direct and proximate result of its wrongful conduct.

152.    As a result, Plaintiffs and Class Members are entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendant as a result of such business practices.

**Ninth Claim for Relief**

**Negligent Misrepresentation**

**On Behalf of the Nationwide Class**

153.    Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if fully set forth herein.

154.    Defendant marketed the Theo Dark Chocolate Bars in a manner conveying to reasonable consumers that the products do not contain unsafe levels of toxic heavy metals.

155.    Defendant's misrepresentations regarding the Theo Dark Chocolate Bars are material to a reasonable consumer because they relate to human health and food safety. Reasonable consumers would attach importance to such representations and would be induced to act thereon in making purchase decisions. Defendant intends that Plaintiffs and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the representations on the labels and on its website.

CLASS ACTION COMPLAINT - 38

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

156.    In selling the Theo Dark Chocolate Bars, Defendant acted in the ordinary course of its business and had a pecuniary interest in Plaintiffs and other Class Members purchasing the Theo Dark Chocolate Bars.

157.    Defendant owed a duty of care to Plaintiffs not to provide them false or incomplete information when they were making their purchase decisions regarding the Theo Dark Chocolate Bars.

158.    Defendant knew or had been negligent in not knowing that the Theo Dark Chocolate Bars did not promote health, but instead contained unsafe levels of toxic lead, cadmium, and arsenic. Defendant had no reasonable grounds for believing its misrepresentations were not false and misleading.

159.    Plaintiffs and other Class Members have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Theo Dark Chocolate Bars and, had the correct facts been known, would not have purchased the products at the prices at which they were offered (or at all).

160.    Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiffs and other Class Members have suffered economic losses and other general and specific damages, in the amount of the products' purchase prices, or some portion thereof, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**PRAYER FOR RELIEF**

161.    Wherefore, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, pray for judgment against Defendant as to each and every claim for relief, and the following remedies:

CLASS ACTION COMPLAINT - 39

a.  An Order declaring this action to be a proper class action, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' undersigned counsel as Class Counsel;

b.  An Order requiring Defendant to bear the cost of Class Notice;

c.  An Order compelling Defendant to destroy all misleading and deceptive advertising materials and product labels, and to recall all offending Theo Dark Chocolate Bars;

d.  An Order compelling Defendant to cease its unfair business practices that unnecessarily result in concentrating high levels of heavy metals in Theo Dark Chocolate Bars;

e.  An Order requiring Defendant to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

f.  An Order requiring Defendant to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon;

g.  An Order requiring Defendant to pay compensatory, treble, and punitive damages as permitted by law;

h.  An award of attorneys' fees and costs; and

i.  Any other and further relief that Court deems necessary, just, or proper.

CLASS ACTION COMPLAINT - 40

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

**JURY TRIAL DEMAND**

2

Plaintiffs hereby demand a trial by jury on all issues so triable.

3

4

DATED this 20th day of July, 2023.

5

**TOUSLEY BRAIN STEPHENS PLLC**

6

By: s/*Kim D. Stephens, P.S.*
      Kim D. Stephens, P.S., WSBA #11984

7

By: s/*Kaleigh N. Boyd*
      Kaleigh N. Boyd, WSBA #52684
      kstephens@tousley.com

8

      kboyd@tousley.com
      1200 Fifth Avenue, Suite 1700

9

      Seattle, Washington 98101
      Telephone: 206.682.5600
      Fax: 206.682.2992

10

**FITZGERALD JOSEPH LLP**

11

12

      Jack Fitzgerald*
      jack@fitzgeraldjoseph.com
      Trevor M. Flynn*

13

      trevor@fitzgeraldjoseph.com
      2341 Jefferson Street, Suite 200

14

      San Diego, California 92110
      Phone: (619) 215-1741

15

16

      *pro hac vice application forthcoming*

      *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

CLASS ACTION COMPLAINT - 41